ANTHONY CARBONE v. CENTRAL VERMONT RAILWAY, INC.

SUPERIOR COURT FAIRFIELD COUNTY FILE No. 73334

Memorandum filed December 28, 1946.

*Michael J. Sicilian,* of Bridgeport, for the Plaintiff.

*Alcorn, Bakewell & Alcorn,* of Hartford, for the Defendant.

*Francis J. Moran,* of New Haven, for Robert Gair.

KING, J. In No. 73334, the plaintiff Carbone sues the defendant for damage to his trailer truck, which collided with the defendant's switch engine on a crossing. In No. 73348, the plaintiff Casino sues for personal injuries which he, as the operator of the trailer truck, sustained in the same collision. In paragraph 1 of each complaint it is alleged that the defendant's tracks "cross a road . . . which leads to the unloading platform" of a paper mill in Montville.

The defendant moved that paragraph 1 of the complaints be made more specific by stating whether the "road" alleged to be crossed by the defendant's tracks is a public highway. The plaintiffs thereupn filed a more specific statement setting forth that "said road . . . is a grade crossing and used by the public". Thereafter the plaintiffs filed an "amended more specific statement" setting forth the same information already given in the first more specific statement and the additional statement that the road "is a public and private highway used by the invitees of the Robert Gair Paper Company, with full knowledge and approval of the defendant."

The defendant insists that its motion be granted, which in effect would compel the plaintiff to elect whether to claim that the road was a public highway or a private vehicular right of way. The defendant claims this information is necessary in order that it can determine whether the allegations of negligence in paragraph 3 of the complaints constitute claims of statutory negligence (see General Statutes §§ 3708, 3711, 3718, 3719, etc.) applicable in the case of a railroad crossing a public highway at grade, or merely claims of common-law negligence which would apply whether the highway was public or private. *Mocarski* v. *Palmer,* 132 Conn. 349, 353; *Kinderavich* v. *Palmer,* 127 Conn. 85, 100. It should be noted that the defendant does not claim that the complaint lacks the particularity necessary for it to determine the road on which the collision occurred or the location of the crossing on that road.

In oral argument plaintiffs' counsel stated that thus far he had been unable definitely to determine whether the road was a public or private way, and that he wished to offer such evidence as he could properly marshall that the way was a public highway, and have the question determined as one of fact, under proper instructions, by the jury, leaving the applicability of the claims of statutory negligence to be explained by the court in accordance with the jury's finding as to the public or private character of the road in question.

Assuming as counsel for the plaintiffs claims, that there is a fair factual question as to whether the road is a public or private way, it is proper that the question be left for determination by the jury under proper instructions. *Kenneson* v. *Bridgeport,* 130 Conn. 298, 302. It would be improper to compel plaintiffs' attorney to make an election on this factual matter.

The motion for more specific statement contained a second paragraph involving another part of the complaint. This was not argued by counsel, and it is the court's understanding (and this is confirmed by an examination of the pleadings) that the second paragraph of the amended more specific statement satis-fies the defendant with regard to this second paragraph of its motion, and that this part of its motion is no longer pressed.

For the foregoing reasons the motion for a more specific state-ment is denied, in each case.